**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WILLIAM CAMRON BOGAN,

Petitioner,

v.

JEREMY BEAN,

Respondents.

Case No. 2:26-cv-00158-GMN-BNW

**ORDER TO SHOW CAUSE**

Petitioner William Camron Bogan commenced this federal habeas action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and applying for leave to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1 ("IFP Application"), 1-1 ("Petition").)  Based on Bogan's Financial Certificate (ECF No. 4), the Court finds that good cause exists to grant his IFP Application.  However, following an initial review of the Petition under the Rules Governing Section 2254 Cases, the Court instructs Bogan to show cause why the Petition should not be dismissed as time barred.

**I.    BACKGROUND**[1]

Bogan challenges a conviction imposed by the Eighth Judicial District Court for Clark County ("State Court"). *State of Nevada v. William Bogan*, C-17-325016-2.  On November 15, 2018, following a jury trial, the State Court entered a Judgment of Conviction, adjudging Bogan guilty of two counts of Conspiracy to Commit Burglary, Burglary While in Possession of a Firearm, two counts of Robbery with the use of a Deadly Weapon, and First-Degree Murder with

---

[1]This Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts.  These dockets are found at: https://www.clarkcountycourts.us/portal and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

the Use of a Deadly Weapon.  Bogan was sentenced to, *inter alia*, life in prison with the possibility of parole after 20 years.  Bogan appealed, and the Nevada Supreme Court affirmed on October 15, 2020. *William Camron Bogan v. State of Nevada*, No. 77605.

Bogan filed a state habeas petition on July 12, 2021. *William Bogan v. Nevada Department of Corrections*, A-21-837680-W.  The state court denied Bogan's petition on February 9, 2024.  Bogan appealed, and the Nevada Court of Appeals affirmed on March 11, 2025. *William Camron Bogan v. William Gittere*, No. 88121-COA.  Remittitur issued on April 1, 2025.

Bogan filed a federal habeas petition on July 1, 2025, in case number 2:25-cv-01177-ART-DJA.  In that case, Judge Anne Traum denied Bogan's request to proceed IFP and ordered him to pay the $5 filing fee.  Bogan failed to comply with this Order, and Judge Traum dismissed Bogan's petition without prejudice on November 20, 2025.  Judgment was entered on November 21, 2025.  The Clerk of the Court received a letter from Bogan on December 4, 2025, stating, "I am sending my $5.00 filing fee."[2]  Judge Daniel Albregts entered a Minute Order, instructing Bogan that his letter must be styled as a motion.  Bogan never filed a motion.

## II.   DISCUSSION

Habeas Rule 4 requires this Court to examine the Petition and order a response unless it "plainly appears" that the Petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).  This rule allows Courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

---

[2] The Court contacted the Finance Department, and it was confirmed that Bogan's $5.00 filing fee was never received in case number 2:25-cv-01177-ART-DJA.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a 1-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The 1-year limitation period begins to run from the latest of 4 possible triggering dates, with the most common being the date on which the petitioner's Judgment of Conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

Bogan's direct appellate review concluded on October 15, 2020, with the Nevada Supreme Court's affirmation of his Judgment of Conviction. As such, Bogan's conviction became final when the time expired for filing a Petition for Writ of Certiorari with the United States Supreme Court 150[3] days later on March 14, 2021. The federal statute of limitations began to run the following day: March 15, 2021. Bogan timely filed his State Habeas Petition on July 12, 2021, tolling the AEDPA clock. As a result, 119 days elapsed between the finality of the Judgment and the filing of the State Habeas Petition. The remaining 246 days of the AEDPA limitation period was statutorily tolled during the pendency of all proceedings related to Bogan's State Habeas Petition. Tolling ended on April 1, 2025, when the Remittitur issued for the Order of Affirmance by the Nevada Supreme Court. The AEDPA clock restarted the following day, April 2, 2025, and

---

[3] The deadline to file a Petition for Writ of Certiorari was extended from 90 days to 150 days during this time due to the Covid-19 pandemic.

expired 246 days later on December 4, 2025.[4]  Bogan's instant Petition was transmitted to this Court on or about January 23, 2026.  Because Bogan's Petition was submitted 50 days after his AEDPA statute of limitations expired, it appears that it is untimely.

Bogan must show cause why his Petition in this matter should not be dismissed with prejudice as time barred.[5]  In this regard, Bogan is informed that the 1-year limitations period may be equitably tolled.  Equitable tolling is appropriate only if a petitioner can show that: (1) he has been pursuing his right diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010).  "[E]quitable tolling is unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).  And "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).  Bogan ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065.  He must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *accord Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007).

---

[4] Notably, Bogan's first federal habeas action could not have tolled his AEDPA limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (concluding that "Section 2244(d)(2) . . . did not toll the limitation period during the pendency of respondent's first federal habeas petition"); *see also Dixon v. Baker*, 847 F.3d 714, 719 (9th Cir. 2017) ("Although the filing of a state post-conviction petition will toll the statute of limitations, the filing of a federal petition does not.").

[5] The Court notes that Bogan is not precluded from filing a Motion to Reopen, a Motion for Reconsideration, and/or a Motion for Extension of Time to Pay his Filing Fee in case number 2:25-cv-01177-ART-DJA, given that, in that first federal habeas action, Bogan's Petition was filed on July 1, 2025, before his AEDPA statutes of limitations expired.  If Bogan proceeds on this route and Judge Traum reopens his first federal habeas action, then this action would be dismissed as duplicative.

Bogan is further informed that, under certain circumstances, the 1-year limitation period may begin running on a later date[6] or may be statutorily tolled.  And Bogan is informed that if he seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011).  In this regard, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

**III.   CONCLUSION**

It is therefore Ordered that the IFP Application [ECF No. 1] is granted.

It is further Ordered that Bogan show cause on or before February 27, 2026, unless more time is requested and approved, why his Petition should not be dismissed as untimely.

Dated:   January 27, 2026

_____
Gloria M. Navarro, Judge
United States District Court

---

[6] 28 U.S.C. § 2244(d)(1) provides, in pertinent part, as follows:

A 1-year period of limitation . . . shall run from the latest of—

. . .

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.